## THE STATE v. BERRY ET AL.

*Certiorari,* on matter of taxation, against the Paterson and Hudson River Rail Road Company.

The Charter of this Company provides for the payment of certain taxes to the *State,* and then enacts "that no further or other tax or impost shall be levied or assessed upon said Company."

Held that this does not exempt the *franchises* or *privileges* merely, of the Company; but the Company *generally* and its property, from taxes for county, township and all other purposes than those stated in the Charter.

---

*Th. Frelinghuysen,* for prosecutor.
*I. H. Williamson,* for defendant.

The opinion of the Court, was delivered by

DAYTON, J. The *Certiorari* in this case, brings up an assessment upon the Paterson and Hudson River Rail Road Company, for township and county purposes, amounting in the aggregate to about seventy dollars. The Company say they are exempt by their Charter, from such tax or assessment.

The 18th sec. of the act of incorporation (*Harr. Com.* 326) provides, that the said Company shall after the expiration of five years from the passing of this act pay to the Treasurer of this State, yearly and every year, a tax of one quarter of one per cent upon their capital stock paid in, and yearly and every year after the expiration of ten years, a tax of one half of one per cent

The State v. Berry et al.

upon the capital stock so paid in as aforesaid ; " *and that no further or other tax or impost shall be levied, or assessed, upon said Company.*"

It is contended by counsel, that the exemption contained in the last clause of this section, applies merely to the *franchise* granted to the Company, and not to its property ; but this certainly cannot be the true construction of the act. To take away the inherent and all important right of government, to levy a tax upon property for its support, the language should certainly be clear and explicit, 4 *Peters*, 514. But could words have been adopted less liable to doubt, than such as are here used ? I think not. It is enacted, that the *Company* after, &c. shall pay yearly, a tax, &c. upon the *capital stock* paid in, and that no further or other tax or impost shall be levied or assessed upon said Company. Here is a tax laid upon stock, or, in other words, upon property which it, the Company, is directed to pay. And in the same connection, it is added, that no other tax or impost shall be levied or assessed upon the Company. This does not exempt the franchises or privileges of the Company merely, from taxation, but it exempts the Company generally, from all other taxation, and to which, their property in common, with the property of individuals, would have been subject without such special exemption. 4 *Peters*, 514.

But a conclusive answer to this ingenious construction, that this exemption from tax, applies to the franchise merely, and not the property, is this ; it makes the exemption utterly futile—it avoids this most important part of the statute. The Legislature could never, after the passage of the act, have imposed any new or additional tax upon the company for its franchises or privileges.

Its charter was in the nature of a contract, and the State would have had no constitutional power, thus to vary its terms, or add to its burthens. Unless therefore, the exemption applies to the property of the Company, it has no application. A Statute ought upon the whole, to be so construed, that if possible, no clause, sentence, or word, should be superfluous, void, or insignificant. 4 *Bac. Abr. Tit. Statutes, I. p.* 644. 1 *Harr. R.* 286. There can be no doubt, I think, but that in this case, and in many others where the Charters of these Companies, contain a like provision, the Le-

gislature intended to exempt, and have exempted, in so many words, both the Company and its property, from any other tax than as therein stated.

HORNBLOWER, C. J. FORD, WHITE and NEVIUS, Justices, concurred.

*Assessment set aside.*